259 So.2d 18

**STATE of Louisiana**

**v.**

**Andrew DIGGS.**

**No. 51906.**

March 8, 1972.

---

Robert E. Fleming, Jr., Barry F. Viosca, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Andrew Diggs, appeals from a conviction of receiving stolen things, La.R.S. 14:69, for which he was sentenced to serve four years at hard labor in the State Penitentiary. He reserved three bills.

The first two bills were taken to the testimony on rebuttal of state's witness, Patrolman Jenkins, to the effect that Jenkins knew the defendant personally, having met him five or six times before the day of arrest. It is contended that this is improper rebuttal. La.R.S. 15:282 (1966).

Under the particular facts of this case, we cannot say the trial court erred in permitting this testimony as rebuttal.

As part of the state's case in chief, the police officer had testified that he had found the defendant in possession of a ve-

hicle shortly afterwards identified as stolen and had asked to see the vehicle's registration papers. The defendant had said he would go get his wallet in the building in front of which the vehicle was parked, had gone in the building, and had then disappeared. This was sufficient identification evidence. The officers arrested him later that day at his home, twenty-five blocks away.

The defense was alibi. The defendant's mother and sister testified that he had been home with them all day, some twenty-five blocks away. The thrust of the defense was, thus, that the police officer was mistaken in his identification.

■ The trial court admitted the officer's testimony on rebuttal, limiting it to a single question whether the patrolman had ever seen the defendant before the officer found him with the stolen vehicle. That is, the trial court held that the purpose of this testimony, under the particular facts of this case, was to disprove the defense and contradict the defense witnesses, rather than to prove the state's case. While rebuttal testimony should be closely guarded, we cannot say under the circumstances that the trial court erred.

■ The third bill of exceptions, taken to the overruling of a motion for a new trial, based upon an allegation that the verdict is contrary to law and evidence,

presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).

For these reasons, the conviction and sentence are affirmed.