296 So.2d 324 (1974)
STATE of Louisiana
v.
Matthew PIERSON.
No. 54486.
Supreme Court of Louisiana.
June 10, 1974.
Murphy W. Bell, Director, Woodson T. Callihan, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Carole M. Mosely, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On December 31, 1970 an armed robbery was perpetrated at the Baton Rouge Jax *325 Beer Agency. Among the things taken were a number of payroll checks. Defendant was arrested for armed robbery. Pursuant to a plea bargain this charge was dropped, and the defendant was charged by bill of information with forgery. R.S. 14:72. On November 12, 1973 the accused pleaded guilty to the crime of forgery (of a check which had been stolen in the armed robbery) and was sentenced to nine years at hard labor. He appeals, relying on one perfected bill of exceptions.
Bill of Exceptions No. 1
This bill was taken when the court denied a defense motion to correct an illegal sentence on the grounds that the trial judge expressly informed the defendant that primary in his consideration was the belief that defendant was also guilty of armed robbery. It is contended that the judge considered the accused guilty of the armed robbery and took that offense into account in imposing sentence:
"THE COURT: You're a very lucky man, Mr. Pierson, because if they had tried you and convicted you of that armed robbery, you'd be facing a lot more time that you're facing on this forgery charge, particularly in view of the fact that one man was pistol-whipped out there. Sentence of the Court, he be confined to the custody of the Department of Corrections for nine years, given credit for time served."
In his per curiam the judge expressed the belief that the defendant was guilty of at least two forgeries and very likely guilty of armed robbery.
In United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), a federal district judge sentenced a defendant for armed bank robbery to the maximum term authorized by statute. The judge gave explicit attention to the defendant's record of three previous felony convictions. It was later conclusively determined that two of these convictions were constitutionally invalid, having been obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). The United States Supreme Court remanded the case for reconsideration of the sentence imposed upon the defendant. The court's decision was designed to prevent erosion of the principle enunciated in Gideon, supra. Justice Stewart, speaking for the majority, recognized the need, however, for a judge to have access to a variety of information in determining sentence.
We hold that evidence of prior alleged offenses was relevant to the lower court's determination of the sentence to be imposed. A sentence imposed by a judge within the statutory limits is generally not subject to review. State v. Polk, 258 La. 738, 247 So.2d 853 (1971); Article 882 C. Cr.P.
We find that a trial judge may properly consider evidence of other offenses in determination of sentence where there is a showing that the defendant did in fact perpetrate the other offense. This holding is in line with the rule followed in most jurisdictions. See generally, 96 A.L. R.2d 768 (1964). The trial judge had before him, as an aid in sentencing, a presentence investigation report which contained summary of interviews with witnesses to the armed robbery, as well as police reports of identification of the defendant. Defendant was called for sentencing on December 3, and, after some discussion, sentencing was deferred until December 20 to determine whether the identifying witnesses had seen defendant at the occasion of the forgery or at the time of the armed robbery. Sentencing was on December 20, after the court was satisfied that defendant was identified during the robbery. There *326 had been a full and complete Boykin examination the prior November 12.
In argument defendant contends he had an alibi which placed him in New Orleans at a party at the time of the robbery. The fact that the judge denied a request, apparently made for the first time on December 20, to "bring these (alibi) witnesses forward" has no effect on the legality of the sentence for forgery of a check stolen in the robbery.
The conviction and sentence are affirmed.
BARHAM, J., concurs and assigns reasons.
MARCUS, J., concurs with reasons.
BARHAM, Justice (concurring in the result).
The majority does not pose the question which was argued to us by this defendant. Defendant argued that he should have been given the contents of the presentence investigation obtained by the judge and that he should have been permitted to present proof that some of the information utilized by the judge in arriving at his sentence was false. I am of the opinion that while the sources of information used in determining the proper sentence are to be protected, the information itself should be available to a defendant. I further believe that a defendant should be permitted to attempt to controvert that information which he believes to be false or erroneous.
I will concur in the result obtained here because I believe that the defendant did not properly and timely raise the issue at the trial level before sentence.
MARCUS, Justice (concurring).
I concur. Cf. State v. Torres, 281 So.2d 451 (La.1973).