306 So.2d 662 (1975)
STATE of Louisiana, Appellee,
v.
Rafe W. COLLINS, Appellant.
No. 55242.
Supreme Court of Louisiana.
January 20, 1975.
Maynard E. Cush, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of manslaughter, La.R.S. 14:31, and sentenced to nine years at hard labor.
His single allegation of error on appeal is based upon the denial of his motion for a new trial. La.C.Cr.P. art. 851. For appellate purposes, a motion for a new trial based on the lack of evidence to support a conviction does not raise a reviewable question of law unless there is a total lack of evidence to prove the crime or an essential element of it. State v. Cade, 244 La. 534, 153 So.2d 382 (1963) and decisions therein cited. See also State v. Plummer, 281 So.2d 716 (La.1973).
The defendant contends that the evidence indisputably shows that he killed in self defense. La.R.S. 14:20(1). The State has the burden of proving beyond a reasonable doubt that the homicide was not perpetrated in self-defense. State v. Patterson, *663 295 So.2d 792 (La.1974). To justify reversal on appeal on this issue, however, there must be a total lack of evidence that the killing was done other than in self-defense. State v. Lane, 292 So.2d 711 (1974).
The context facts are:
At about 5:00 PM on Saturday, the defendant Collins and a friend, the witness Scott, drove up in Scott's car and parked in front of another friend's house. Collins sat on the porch drinking wine. The location was on a row of shotgun houses close to one another.
The victim Lashley walked up and sat on the neighboring porch. After a few minutes, he got up and slapped Collins. Within a few minutes, he hit the accused two or three times again and knocked off his hat. Lashley was standing with one hand in his pocket over the defendant, who was sitting on the porch. Lashley verbally abused Collins. Lashley had a reputation in the community for violence.
After the last time Lashley hit him, the defendant Collins got up from the porch, rushed across the sidewalk to Scott's car, and took a pistol from under the seat. He turned and shot Lashley. Collins testified that he thought Lashley had a knife in his pocket and that Lashley was chasing him.
The defendant shot Lashley from ten feet away. He shot five times, hitting Lashley four times. Lashley died of wounds to the liver and abdomen, although one entrance wound was on the rear buttocks. Search of Lashley's body after the shooting revealed no knife or weapon.
The evidence presented to the jury may have justified an inference that, as the defendant testified, he did not shoot until beaten and chased by the victim, and while he was in reasonable apprehension of receiving greatly bodily harm otherwise and thus justifiably in self-defense. La. R.S. 14:20(1). However, the jury did not make this inference.
The evidence also permits the inference that the defendant Collins in a sudden heat of blood responded to Lashley's provocations by killing him, see La. R.S. 14:31 ("Manslaughter"), without the justification of self-defense, see La.R.S. 14:20(1). Thus, by this inference, provoked by Lashley's physical abuse and insults, Collins rose and rushed to the car, withdrew the pistol, and shot Lashley standing by the porch ten feet away.
Under the evidence, it was open to the jury to determine whether it was reasonably necessary for the defendant to kill in order to save himself. The possibility of retreat, for instance, is one of the factors here present for jury determination as to whether the defendant had the requisite reasonable belief that it was necessary to kill in self-defense. State v. Bailey, 261 La. 831, 261 So.2d 583 (1972); State v. Rowland, 246 La. 729, 167 So.2d 346 (1964); Reporter's Comment, Subdivision (1) to LSA-R.S. 14:20.
The evidence does not reasonably exclude any hypothesis except that of self-defense. State v. Patterson, 295 So.2d 792 (La.1974). There is thus some evidence that the killing was not justifiably done in self-defense.
Accordingly, limited in appellate review to consideration of errors of law, we do not find error in the trial court's denial of a new trial. The conviction and sentence are affirmed.
Affirmed.
BARHAM, J., concurs.