338 So.2d 100 (1976)
STATE of Louisiana
v.
Ricky HATTER.
No. 58024.
Supreme Court of Louisiana.
October 6, 1976.
*102 Paul E. Kitchens, Kitchens, Benton & Kitchens, Minden, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
On August 4, 1975 defendant, Ricky Hatter, was indicted by the Webster Parish Grand Jury for the armed robbery of Sandra Smith and Amanda Bernard on July 1, 1975 in violation of R.S. 14:64. He was tried before twelve jurors who, on December 17, 1975, unanimously returned a verdict of guilty as charged. On March 25, 1976 defendant was sentenced to thirty years at hard labor. Defendant reserved thirteen assignments of error but on appeal specifically abandoned Nos. 3, 8 and 12.
On July 1, 1975, near closing time, the two victims, employees of the Sarepta Drive-In, Sarepta, Louisiana, were alone when the defendant came in and placed an order. Defendant then pulled out a small caliber blue pistol and held it on the two girls until he obtained $600.00 from the two cash registers. The defendant then fled, apparently in an old model white automobile.

*103 Assignment of Error No. 4

In addition to the above facts, it was established in the State's case in chief that on July 7, 1975 the defendant, dressed in a distinctive pair of yellow pants, was driven by a friend to Plain Dealing, Louisiana. Further testimony was elicited to the effect that the same yellow pants were later found on July 9, 1975 in Plain Dealing with a small caliber blue pistol in the pockets. This gun was in turn identified by the victims of the robbery as one quite similar to the gun used in the robbery. When the State sought to introduce the pants and pistol into evidence, defendant objected. His objection was overruled and forms the basis of this assignment of error.
Defendant objected on the grounds that this real evidence lacked relevancy and materiality. The objection was properly overruled, however, because the State adequately connected the defendant with the yellow pants, which in turn were connected to the gun. Once the gun was identified as similar to the weapon used in the robbery, the relevance and materiality of the evidence were adequately shown. Therefore, the evidence was properly admissible as it tended to prove the defendant's identity. R.S. 15:435. That the evidence failed to prove positively that the defendant placed the gun in the pants is an argument that goes to the weight of the evidence, not its admissibility.
This assignment lacks merit.

Assignments of Error Nos. 5, 6 and 9
All of these assignments of error relate to eliciting evidence, in rebuttal, of the defendant's connection with the gun and the yellow pants. Defendant argues that this evidence constituted improper rebuttal.
In the defense there was an attempt to establish an alibi and to contradict the State's proof, adduced in its case in chief, tying defendant to the pants and gun. (See discussion above). Defendant admitted that he had gone to Plain Dealing on July 7, 1975 while dressed in the yellow pants. However, defendant contended that he went to Plain Dealing on that day to help his aunt paint furniture and had placed his pants on a line behind the house while he painted in another pair of pants. He alleged that upon finishing his work he went behind the house to retrieve his pants and saw "two dudes" stealing them. Defendant also testified he never saw the gun in question and, in fact, never owned a gun.
In order to contradict these assertions, the State in rebuttal examined a number of witnesses who testified to seeing defendant in Plain Dealing on July 7, 1975 dressed in the yellow pants and in the possession of the small blue pistol. Although one witness did not testify to seeing a gun (Assignment of Error No. 9), her testimony corroborated the testimony of another witness (Assignment of Error No. 7) to the effect that defendant had a gun while dressed in the yellow pants.[1]
In substance defendant argues that this evidence constituted improper rebuttal as it did not contradict any facts presented by the defendant. R.S. 15:282 provides:
"The prosecution has the right to rebut the evidence adduced by the defendant, but the defendant is without right to rebut the prosecution's rebuttal."
In State v. Monroe, 205 La. 285, 17 So.2d 331 (1844), we held that "rebuttal evidence" was that evidence offered to explain, repel, contradict or disprove facts given in evidence by the adverse party. Consistently, State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972), held that evidence of another crime offered to prove intent is not properly adduced in rebuttal when defendant only denies the commission of the crime for which he is on trial. The basis of this holding was that defendant had offered no facts to negate intent. In this case, however, defendant presented facts to the effect that he never owned a gun and never *104 saw the particular gun at issue. In addition, defendant testified to a theft of his pants in order to create the inference that the alleged thieves placed the gun in the pants. Thus, it was proper to offer evidence in rebuttal contradicting these factual assertions.
The State did not save any of its case in chief in order to surprise the defendant;[2] sufficient evidence was adduced in the case in chief to tie defendant to the gun. However, when defendant attempted to explain this proof it was necessary for the State to proceed further in order to contradict defendant's evidence. Thus, the purpose of the evidence was to disprove the defense and contradict the defense witnesses, rather than to prove the State's case. State v. Diggs, 261 La. 76, 259 So.2d 18 (1972).
These assignments lack merit.

Assignments of Error Nos. 1, 7 and 11
Defendant argues in these assignments of error that, assuming the subject matter of the rebuttal was proper, the evidence exceeded its proper scope and tended to show the commission of another robbery, evidence of which was not admissible. While the State concedes in its brief that the evidence adduced in rebuttal might lead to the conclusion that defendant had committed another crime, the State argues that the evidence was not offered to prove knowledge, intent or system but only to rebut facts elicited in defense.
As discussed above, the State in rebuttal presented testimony relative to the defendant's possession of the small blue pistol while dressed in the yellow pants. The owner of the Green Discount Store in Plain Dealing testified that defendant entered his store on July 7 dressed in yellow pants. He further testified that defendant had a gun. The following exchange took place:
"Q Did you see this?
"A Yes.
"Q Was it close to you?
"A Yes.
"Q How close to you was this gun?
"A About that much.
"Q Was it pointed at you?
"A Yes, sir."
After defendant's objection was overruled, the testimony continued:
"Q I'll show you what I've marked as S-5 and ask you to examine thiswill you go ahead and hold it.
"A I don't remember the color.
"Q Does this look like the gun he had?
"A Yes.
"Q As far as size and shape, and so forth?
"A Right.
"Q It was of this smaller nature?
"A Right.
"Q And how close was this to you?
"A About that much.
"Q Were you afraid?
"A Yes."
The only other testimony connecting defendant with a robbery occurred when another witness identified the accused as the person she saw leaving Green Discount Store. (This occurred after the same witness had gratuitously mentioned the commission of a robbery and after the court overruled defendant's motion for a mistrial).[3]
While the State cannot avoid the procedural safeguards and substantive limitations of State v. Prieur, 277 So.2d 126 (La. 1973) by using evidence of extraneous crimes in rebuttal (State v. Ghoram, 290 So.2d 850 (La. 1974)), in this case the State abandoned its apparent intention of proving the extraneous offense in order to show knowledge, intent, etc. Rather, the State attempted to limit its proof to those circumstances which explained the witnesses' opportunity to observe the defendant, his clothes and the gun. The State was not *105 seeking to prove and did not prove[4] an extraneous offense in order to show intent or system. Therefore, the requirements of Prieur are inapplicable. For this reason, defendant's Assignment of Error No. 1, in which he complains that the notice he received immediately prior to trial was not the "reasonable" notice required by Prieur, lacks merit.
Although the trial judge is granted wide discretion in determining the permissible scope of rebuttal testimony, State v. Peters, 302 So.2d 888 (La. 1974), such testimony should nonetheless be closely guarded. State v. Diggs, supra. The defendant correctly contends (in Assignments of Error Nos. 7 and 11) that if the State exceeded the scope of contradicting the facts elicited in defense and sought to prove the commission of a robbery, it would place the defendant's bad character before the jury and constitute reversible error. State v. Prieur, supra. However, this was not done in this case. It was proper to allow the witness to explain that the gun was close to the witness in order to counter any doubts that the identification of the weapon was mistaken. (Assignment of Error No. 7). Likewise, it was proper to allow the witness to identify the accused as the man she saw leaving the Green Discount Store on July 7 in order to corroborate the store owner's identification of the defendant as the man wearing the yellow pants and possessing the gun at issue (Assignment of Error No. 11). The trial judge did not abuse his discretion in admitting this evidence.
Even though the prosecutor may have exceeded the proper bounds of rebuttal by asking the witness if she was "afraid," the trial court sustained defendant's objection to this question. In addition, defendant abandoned Assignment of Error No. 8 which dealt with this particular question and, in any event, the record reveals that the defendant was satisfied with this ruling since he did not request an admonishment. The prosecutor limited his proof and in good faith avoided any direct references to the other offense. Under these circumstances we hold that the rebuttal testimony was properly limited to conform to its permissible scope.
These assignments of error lack merit.

Assignment of Error No. 10
Defendant contends that the trial court erred in refusing to grant his motion for a mistrial after a rebuttal witness, Shirley Bryant, answered as follows:
"Q Mrs. Bryant, were you in Plain Dealing around 1:45 P.M. on July 7th, 1975?
"A I was.
"Q Were you by the Green Discount Store?
"A Yes.
"Q Did you notice anything unusual at that time?
"A No, when I walked in the store, well, I met this boy coming out of the store and she told me she had just been robbed. . ."
Defense counsel immediately moved for a mistrial but the judge only had the unresponsive answer stricken. Defendant then requested and received an admonition. Defendant timely objected to the court's refusal to grant a mistrial and subject objection forms the basis of Assignment of Error No. 10.
C.Cr.P. 771 provides in part:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court *106 official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
C.Cr.P. 770 provides in part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible."
It is evident that references to other criminal activity is potentially prejudicial. However, when the requisites of C.Cr.P. 770 have not been met (which is the case here), the trial judge has wide discretion to determine whether an admonition is sufficient to dispel any prejudicial effect the reference by the witness may have created. State v. Gabriel, 308 So.2d 746 (La. 1975); State v. Smith, 285 So.2d 240 (La. 1973). In addition, numerous cases have declined to charge the prosecutor with the witness' comment when the prosecutor was acting in good faith but the witness' answer to the State's question was unsolicited and unresponsive. E.g. State v. Jones, 332 So.2d 466 (La. 1976); State v. Gabriel, supra; State v. Smith, supra. In such cases it is often held that an admonition cured any prejudicial effect the answer created.
In the instant case it is important to note that the commission of another offense was brought out by defendant and his counsel prior to the testimony of this witness. In defendant's direct examination by his counsel the following exchange occurred:
"Q. Now, when you went to Plain Dealing did you take with you a small caliber pistol?
"A No, sir. I didn't have no pistol, they couldn't find no handprints or nothing on the pistol belonging to meI have never carried no pistol, touched no pistol up until now.
"Q Now, you've heard the testimony in this court about the pants being discovered up in Plain Dealing and that the pistol being in the pockets?
"A yes, I heard about the pants and the robbery."
In addition, defense counsel, in his crossexamination of the first rebuttal witness, stated:
"Q Now, Mrs. Huddleston, what date did you say this offense occurred on? What date did you say this incident occurred?"
The prosecutor's question sought to elicit what the witness saw or noticed and thus her answer describing what she heard was not responsive. Under these circumstances we hold that the judge did not abuse his discretion in denying defendant's motion for a mistrial and that the admonition sufficiently dispelled any prejudice.
This assignment lacks merit.

Assignment of Error No. 13
Defendant argues in this assignment of error that the trial judge erred in referring to "previous arrests, suspicions and juvenile offenses" not supported by proof and not subject to rebuttal or explanation by the defendant in determining defendant's sentence. Pursuant to C.Cr.P. 875 a presentence investigation was conducted and a report filed with the judge. The judge referred to this report at the time of sentencing and mentioned the defendant's juvenile offenses, imprisonment at LTI and escapes therefrom and his two prior armed robberies.
At no point during the sentencing procedure did defense counsel object to the judge's reference to the presentence investigative report nor is a copy of the report before us. The determination of a sentence is within the sound discretion of the trial judge, State v. Pierson, 296 So.2d 324 (La. 1974); State v. Polk, 258 La. 738, 247 So.2d 853 (1971), and, if within the statutory and constitutional limits, is generally *107 not subject to review. State v. Pierson, supra. In addition, it is clear that a trial judge may consider evidence of other offenses in determining sentence. C.Cr.P. 875; State v. Pierson, supra. Defendant argues that the Pierson case requires proof that defendant actually committed the offenses revealed in the presentence reporta misconstruction of the Pierson case. The trial judge may rely on the report (C.Cr.P. 875); defendant was not denied an opportunity to prove the report erroneous.
This assignment lacks merit.

Assignment of Error No. 2
In this assignment of error defendant contends that the notice be received prior to trial informing him of the State's intention to use inculpatory statements was inadequate. In State v. Morris, 259 La. 1001, 254 So.2d 444 (1971), we held that notice handed defense counsel in court before the opening statement sufficiently complied with C.Cr.P. 768. In any event, defendant only avers he was prejudiced because the statements introduced a new issue of what defendant was wearing on a day other than the date of the alleged crime. Since, in fact, no inculpatory statements were introduced relative to what defendant said he was wearing on July 7, no prejudice has been demonstrated.
This assignment lacks merit.
For the foregoing reasons the judgment and sentence appealed from are affirmed.
SUMMERS, J., concurs in the result.
NOTES
[1] Assignment of Error No. 5 relates to defendant's general objection made prior to the State's rebuttal that any evidence elicited concerning the clothes and gun would constitute improper rebuttal.
[2] Thus, this case is distinguishable from State v. Turner, La., 337 So.2d 455 (1976), wherein we held that the State improperly saved inculpatory statements for rebuttal since they were evidence of guilt and did not contradict the defendant's alibi.
[3] See Assignment of Error No. 10, infra.
[4] In discussing Assignment of Error No. 10, defense counsel admits that a robbery was not proved.