350 So.2d 149 (1977)
STATE of Louisiana
v.
Edna Faye HATTER.
No. 59329.
Supreme Court of Louisiana.
September 19, 1977.
*150 Joseph A. Cusimano, Jr., Baker, Culpepper & Brunson, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., E. J. Bleich, J. T. Spencer, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Edna Faye Hatter was charged by grand jury indictment with manslaughter in violation of La.R.S. 14:31. After trial by jury, defendant was found guilty as charged. She was sentenced to imprisonment at hard labor for a period of nine years. Relying on four assignments of error, she appeals her conviction and sentence to this Court.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant argues that the trial court erred in permitting the introduction of an oral inculpatory statement made to Alvin Allen of the Farmerville Police Department on the grounds that the state failed to advise the defendant in response to a bill of particulars that Deputy Marshal Allen would testify as to an oral inculpatory statement.
On October 5, 1976, defendant filed an application for bill of particulars requesting, inter alia, "Does the state intend to use any oral statement made by the defendant? If so, state the oral statement made by the *151 defendant, which the state intends to use in connection with the prosecution of the above numbered and entitled matter." The state responded that it intended "to use an oral statement of the defendant, Edna Faye Hatter, to one Milam Thornton and Red Phillips on July 27, 1976 at or near the residence of Fred Phillips where she stated that she had shot her husband and wanted them to call for help." However, on October 14, 1976, by letter to her defense counsel, the state advised the defendant that it intended to introduce in evidence in addition to the oral inculpatory statement made by the defendant to Mr. Thornton and Mr. Phillips, another oral inculpatory statement made to Alvin Allen at approximately 10:47 p. m., on July 27, 1976, the substance of which was particularly recited in the letter. The state also gave notice that it intended to introduce a written inculpatory statement given by the defendant after she was apprised of her constitutional rights. A copy of that statement had apparently already been given to defense counsel, but another copy was enclosed. There was testimony at trial that this letter was received by defense counsel on October 18, 1976, two days prior to trial.
A hearing on the motion to suppress earlier filed was held on October 19, 1976. During the course of this hearing, testimony was taken with respect to the oral statement made by the defendant to Alvin Allen at the time he arrived at the scene, as well as with respect to the written statement at which the motion to suppress was directed. At the conclusion of the hearing, the trial court ruled that the oral inculpatory statement was admissible and that the written statement, with a minor deletion, was also admissible.
Trial commenced the following day. At that time Deputy Marshal Allen was called as a witness for the state. During direct examination by the prosecuting attorney, the defendant objected to the witness' answering any questions concerning any oral inculpatory statement given him by the defendant on the grounds that the state did not in its answer to the application for a bill of particulars reveal that Allen had received any such statement. After discussion and argument, the objection was overruled and the witness testified that, in response to a call, he had gone to the address in question, had observed the body of Earl Hunter on the floor in the bedroom, and in response to a question of what had happened, the defendant stated "I shot him."
It is well established that the state is not required to reveal in a bill of particulars its possession of or intent to use oral inculpatory statements by an accused. State v. Jenkins, 340 So.2d 157 (La.1976); State v. Sharp, 338 So.2d 654 (La.1976); State v. Nix, 327 So.2d 301 (La.1975). Nevertheless, if the defendant is misled by an answer to a bill of particulars relative to the state's possession of oral inculpatory statements of any character, such that the defendant is lulled into a misapprehension of the strength of the state's case and suffers prejudice when the statements are subsequently introduced at trial, basic unfairness, which constitutes reversible error, results. State v. Boothe, 310 So.2d 826 (La. 1975); see also State v. Jenkins, supra; State v. Sharp, supra.
It is apparent that the state's response to the defendant's application for bill of particulars in the instant case was incomplete in that it failed to include the oral inculpatory statement by the defendant made to Alvin Allen. This error, however, was corrected prior to trial when the state gave its notice of intent to introduce inculpatory statements by the defendant as required by Article 768 of the Code of Criminal Procedure. This notice was received by defense counsel two days prior to trial. Furthermore, on the day before trial commenced, a hearing on a motion to suppress was held at which time the trial judge ruled that the statement was admissible. Indeed at trial, during argument on the admissibility of the statement in response to defense counsel's objection, defense counsel admitted that he was not caught by surprise and that the error in the answer to the bill of particulars had not affected his preparation of the defense.
*152 For these reasons assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
By assignment of error number two, defendant argues that the trial court erred in refusing to grant a motion for directed verdict of acquittal in that the state had failed to prove that the defendant had the capacity to stand trial, failed to prove the age of the defendant, and failed to prove necessary elements of the crime of manslaughter.
The incident on which the charges in the instant case arose occurred on July 27, 1976, while the trial took place on October 20, 1976. On September 12, 1975, well before either the incident or the trial here involved took place, an amendment to Article 778 of the Code of Criminal Procedure eliminating directed verdicts in jury cases became effective. Therefore, the trial judge in the instant case did not have the authority to grant such a directed verdict and his ruling refusing to do so was proper.
This assignment of error, therefore, lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant Hatter here claims that the trial court erred in admitting, over her objection, the rebuttal testimony of Raymond Cooper, a state ballistics expert.
In order to present defendant's argument, it is necessary to detail some parts of the evidence presented at trial. It was agreed that defendant Hatter shot her husband on the evening of July 27, 1976, causing injuries from which he later died. The state contended that she shot Earl Hatter (from whom she was separated) in a fit of jealousy because of his relationship with another woman. Defendant contends, on the other hand, that the shooting was accidental. She took the stand at trial and testified that on the evening in question Hatter had forced her into his car at gunpoint; that they had driven around for awhile arguing; that at one point during the journey he had beaten her; that he forced her to go with him to the trailer; that while at the trailer he threatened her, stripped her of clothing (proposing to have intercourse) and beat her; that when someone came to the door and her husband went to answer it, she picked up the pistol intending to hide it; that he saw her with the pistol, moved towards her, and as she backed away she bumped into a coffee table and the pistol accidentally went off. She denied that the victim was at the door when shot, contrary to the testimony of a state witness who was just outside the trailer and who she contended lied. She denied that she was right beside him when the shot was fired, and estimated the distance between them at the time of discharge was four feet but did concede that she was not positive of the distance.
In rebuttal, the state called Raymond Cooper, a ballistics expert, who testified that he had test-fired the murder weapon to ascertain at what distance powder residue on a given target would be evident. He testified that visible signs of powder residue were not evident when the weapon was discharged over two feet from the target.
The defendant had objected to the rebuttal testimony on the basis that the state had intentionally saved a part of its case-in-chief for rebuttal so as to surprise and prejudice defendant. The trial judge allowed the admission of the testimony over defendant's objection.
It is a matter of settled law that the state may not reserve part of its case-in-chief for rebuttal testimony, after the defense has put on its case and when it no longer has the right to rebut the state's case. La.R.S. 15:282; State v. Hatter, 338 So.2d 100 (La.1976); State v. Turner, 337 So.2d 455 (La.1976); State v. Campbell 263 La. 1058, 270 So.2d 506 (1972). The state's rebuttal evidence can include only evidence which explains, repels, contradicts or disproves facts given in evidence by defendant. State v. Hatter, supra; State v. Monroe, 205 La. 285, 17 So.2d 331 (1844). The state is not required to outguess the defendant's case, and thereby rebut in its *153 case-in-chief every conceivable defense to the charge, but at the same time it may offer in rebuttal only evidence which disproves the defense and contradicts the defense witnesses. State v. Hatter, supra; State v. Nix, 327 So.2d 301, 346 (La.1975); State v. Diggs, 261 La. 76, 259 So.2d 18 (1972).
The state here did not save any of its case for rebuttal. In its case-in-chief, it offered proof that defendant fired the gun which killed her husband while standing next to him in a doorway and that powder burns appeared on his body. In response defendant testified that she was not standing beside the victim at the time the gun discharged, but was instead some distance away, about four feet she thought. It was therefore proper for the state to offer rebuttal evidence to disprove defendant's factual contention about the distance between her and the victim at the time of the shooting. Such evidence was properly admitted because it contradicted the factual assertion made in defendant's testimony.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 4
By assignment of error number four, defendant argues that the trial court erred in refusing to grant a new trial[1] because there was no testimony to show that the defendant acted in any way other than self defense, and because there was more than reasonable doubt of the defendant's guilt.
In criminal cases, the scope of this Court's appellate jurisdiction extends only to questions of law. La.Const. Art. 5, § 5(C) (1974). Sufficiency of the evidence is a question of fact. State v. Finley, 341 So.2d 381 (La.1976); State v. Gordon, 336 So.2d 793 (La.1976). This Court has consistently held that where error is assigned to the refusal of the trial judge to grant the motion for a new trial grounded upon the allegation that the verdict was contrary to law and the evidence, nothing is presented for review. La.C.Cr.P. art. 858; State v. Finley, supra; State v. Jack, 332 So.2d 464 (La.1976). Only where it is alleged that there is no evidence of the crime or of an essential element of the crime is reviewable error of law presented. State v. Woods, 327 So.2d 405 (La.1976).
Defendant in the instant case was charged with manslaughter in violation of La.R.S. 14:31. Manslaughter, as relevant to the instant prosecution, is there defined as a homicide which would be murder:
"but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce homicide to manslaughter if the jury finds that the offender's blood has actually cooled, or that an average person's blood would have cooled, at the time the offense was committed."
Because the definition of manslaughter is predicated upon "a homicide which would be murder," it is imperative to look at the pertinent statutory definition of murder at the time this offense was committed, which is the killing of a human being "when the offender has a specific intent to kill or to inflict great bodily harm." La.R.S. 14:30.1.
The defendant's basic contention before this Court is that the evidence indisputably showed that she killed in self defense. La.R.S. 14:20. It is well established that the state has the burden of proving beyond a reasonable doubt that the homicide was not perpetrated in self defense. State v. Collins, 306 So.2d 662 (La.1975); State v. Patterson, 295 So.2d 792 (La.1974). Before this Court will reverse a conviction on the basis that the state did not meet its burden, there must be a total lack of evidence that the killing was done other than in self defense. State v. Collins, supra; State v. Lane, 292 So.2d 711 (La.1974).
*154 In the instant case, there was testimony adduced showing that the defendant and her estranged husband, who were legally separated at the time of the incident, had been having continued marital difficulties on and before the date of the homicide. There was testimony by the defendant herself that they had continued to have sexual relations, but that she was aware that her husband had been having an affair with another woman. Testimony further indicated that on the day in question an argument of some type had arisen between the two parties, with the defendant testifying the victim had brandished a gun at her and more or less forced her to accompany him in his automobile. The two eventually went to the home of the deceased. While there, defendant's husband removed his clothes and partially removed her clothes, continuing to threaten her verbally and with the gun. She stated that her husband went to answer the door, that she picked up the pistol in order to hide it, and that as the deceased moved away from the door towards her she bumped into a coffee table and the gun accidentally went off. There was testimony by a witness for the state, Milam Charles Thornton, that he was driving by the residence in question when he heard what sounded like a gunshot. Mr. Thornton testified at trial that when he heard this sound, he turned and saw the victim standing in the doorway of the trailer. This testimony tends to refute the defendant's statement that her husband was moving towards her across the living room of the trailer at the time the gun was accidentally fired.
The evidence presented to the jury in the instant case justified an inference that, as the defendant testified, she did not intentionally shoot the deceased, but rather shot accidentally and/or in self defense while in reasonable apprehension of receiving great bodily harm. However, the evidence also permits an inference that the defendant in sudden heat of blood responded to the victim's provocations and threats by killing him without the justification of self defense. The evidence does not, therefore, reasonably exclude every hypothesis except that of self defense. For that reason there was some evidence that the killing was not justifiable. See State v. Collins, supra; State v. Patterson, supra.
The assignment is not meritorious.
Accordingly the conviction and sentence of defendant are affirmed.
DIXON, J., dissents.
MARCUS, J., concurs.
NOTES
[1] The motion for a new trial itself was addressed partially to the issue of the introduction of testimony by a deputy marshal regarding an oral inculpatory statement of which the state had failed to advise the defendant in response to the bill of particulars. This is the same issue which is the subject of assignment of error number one.