452 So.2d 1305 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Samuel DUCOTE, Jr., Defendant-Appellant.
No. K84-78.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Rehearing Denied July 23, 1984.
*1306 Dan B. McKay, Jr., Bunkie, for defendant-appellant.
David Lafargue, Asst. Dist. Atty., Marksville, for plaintiff-appellee.
Before CUTRER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Defendant Samuel Ducote, Jr. was charged with "Simple Battery", in that on or about July 18, 1983, he "did commit a battery upon one, Kenneth Price, by hitting him with a bottle without his consent". He was found guilty and now appeals.
On July 18, 1983, during the noon hour, Kenneth Price entered the defendant's wrecking yard on the Evergreen Highway, near Bunkie, Louisiana, for the purpose of returning a carburetor for a refund. Mr. Ducote was eating lunch at his desk. The secretary was out for the lunch hour. Several other customers were waiting for the lunch hour to end at 1:00 p.m.
Kenneth Price entered the office, approached the defendant and said the carburetor he was returning wasn't worth "a *1307 damn". When asked for a sales ticket, Mr. Price stated that he did not have one. Defendant, Samuel Ducote, Jr., the proprietor, asked Mr. Price to wait until he finished his lunch and he would look up a copy of the ticket. Mr. Price said he wanted his "M F" money right now.
At this point, Michael Ducote, son of defendant, told Mr. Price that, if he wanted to continue talking that way, he should go outside. Mr. Price then turned his attention to Michael Ducote and approached him saying, "who in the `M F' are you"? Michael Ducote stepped down from a stool on which he had been seated, and shoved Mr. Price, ordering him out of the establishment. The defendant stood up in order to get in between Michael Ducote and Kenneth Price. According to defendant, as soon as the defendant attempted to intervene, Kenneth Price swung at Michael Ducote, striking him on the jaw and proceeded to push both Michael and Sam Ducote down and began hitting and kicking them. According to Michael Ducote, Price had grasped him by the hair. Samuel Ducote, Jr. received a concussion and a broken bridge on his nose. Defendant then picked up a bottle and struck Kenneth Price. Undisputed is that the defendant did in fact intentionally strike Mr. Kenneth Price across the head with a Coke bottle.
Mr. Price's father then entered the building and took Price by the chest or waist and pulled him off of Michael and Samuel Ducote.
The facts according to the State are that Kenneth Price, eighteen years of age, entered the defendant's place of business alone. Present in the store was the defendant and his son, Michael Ducote, along with ten or twelve people, including at least two employees, Mr. Larry Jeansonne and Mr. John Descant. Mr. John Barfield also testified that the defendant and his son were on top of Mr. Price when he entered the building, and he had to pull Mike Ducote off and take Kenneth Price outside. The State emphasizes that there was no testimony that Kenneth Price was armed or presented a danger to those involved to the extent that the use of a weapon such as a Coke bottle was warranted.
The trial judge found the defendant guilty of simple battery and sentenced him to pay a fine of $100.00 plus $50.00 court costs and $7.50 for the victim's reparation fund, or serve thirty (30) days in the Avoyelles Parish Jail, subject to work.[*]
Defendant appeals, questioning whether:
1. The trial court erred in finding the defendant guilty of simple battery;
2. The trial court erred in failing to find that there was more than sufficient provocation for the single blow delivered by defendant; and
3. The trial court erred in failing to find that the defendant's action was "reasonable" and "apparently necessary" to prevent a "forcible offense" against "person" or "property"?
The Louisiana Criminal Code provides as follows:

LA R.S. 14:18Justification; general provisions: "The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed under the following circumstances:
* * * * * *
(7) When the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22."

LA R.S. 14:19Use of force or violence in defense:

"The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that *1308 this article shall not apply where the force or violence results in a homicide."
LA R.S. 14:21Aggressor cannot claim self defense:
"A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.
LA R.S. 14:22Defense of others:
"It is justifiable to use force or violence or to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person."
Where self-defense is claimed by the defendant, the State has the burden of proving beyond a reasonable doubt that he was not acting in self-defense. State v. Savoy, 418 So.2d 547 (La.1982); State v. Collins, 306 So.2d 662 (La.1975); State v. Patterson, 295 So.2d 792 (La.1974); State v. Sharp, 338 So.2d 654 (La.1976). Self-defense is justified if a person using force reasonably believes that he is in imminent danger of receiving great bodily harm and that the force employed is necessary to protect himself. State v. Guinn, 319 So.2d 407 (La.1975).
An aggressor or one who brings on the difficulty, as a general rule, cannot claim the right of self-defense unless he withdraws from the conflict in good faith and indicates his intention of abandoning the difficulty. State v. Stroud, 198 La. 841, 5 So.2d 125 (1941); State v. Leslie, 167 La. 967, 120 So. 614 (1929); La.R.S. 14:21. Where doubts exist as to whether the accused was an aggressor, the possibility of retreat is only one of many factors for the jury to consider in determining whether the defendant has a reasonable belief that the force employed was necessary. State v. Collins, 306 So.2d 662 (La.1975). Factors to be considered in determining whether the party attacked had a reasonable belief that it was necessary to resort to serious physical attack are the excitement and confusion of the occasion, the possibility of using force or violence less than used, and the party's knowledge of his assailant's bad character.
The defense of justification requires evidence on two points, as noted by the Supreme Court in State v. Landry, 381 So.2d 462 (La.1980), at p. 467:
"Justification requires a dual inquiry. First. was the force used reasonable under the circumstances, an objective inquiry. Secondly, was the force apparently necessary to prevent the imminent offense, a subjective inquiry. State v. Ford, 368 So.2d 1074 (La.1979)."
Defendant is required only to prove this defense by a preponderance of evidence. State v. Landry, supra, at p. 467, citing State v. Poree, 386 So.2d 1331 (La. 1979).
The standard of review herein is whether, under the facts and circumstances of the case, a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could not have concluded that the defendant failed to prove by the preponderance of the evidence that he was justified in striking Mr. Price. State v. Landry, 381 So.2d 462 (La.1980); State v. Liner, 397 So.2d 506 (La.1981).
For a defendant to be successful in presenting defense of justification, he must show that the force was reasonable and apparently necessary, State v. Ford, 368 So.2d 1074 (La.1979). Furthermore, the defendant cannot rely on such a defense if he or the one he is purportedly defending is the aggressor, La.R.S. 14:21; State v. Simmons, 414 So.2d 705 (La.1982).
The fact that Mr. Price may or may not have used vulgar language prior to receiving a battery at the hands of the defendant does not justify defendant's actions; Augustine v. Washington Parish Police Jury, 383 So.2d 1271 (La.App. 1st Cir.1980); Morneau v. American Oil Co., 272 So.2d 313 (La.1973).
*1309 Our review of the record convinces us that a rational trier of fact could have found the Ducotes provoked the attack and/or that the defendant used excessive force in striking Kenneth Price with a Coke bottle. Accordingly, defendant's conviction is affirmed.
AFFIRMED.
NOTES
[*] Kenneth Price was also found guilty of the same offense, to wit: simple battery.