Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,171-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                              Appellee

versus

MISTER FORD                                     Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 383,411

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By:  Annette Fuller Roach

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

REBECCA ARMAND EDWARDS
ERICA N. JEFFERSON
ROSS STEWART OWEN
Assistant District Attorneys

* * * * *

Before STONE, COX, and HUNTER, JJ.

**STONE, J.**

This case arises from the First Judicial District Court, the Honorable Erin Lee Garrett presiding. A unanimous jury found Mister Ford (the "defendant") guilty of seven crimes in all. The defendant was convicted of one count of possession of at least 28 grams of methamphetamine with intent to distribute and received a sentence of 18 years at hard labor. He was also convicted of five counts of possession of a firearm by a convicted felon; for these convictions, he received four 18-year hard labor sentences and one 20-year hard labor sentence.[1] Finally, the defendant was convicted of possession of a firearm while in possession of a controlled dangerous substance and sentenced to 10 years at hard labor. The trial court decreed that all of these sentences will run concurrently. The defendant now appeals his convictions and his sentences. For the reasons stated herein, we affirm the defendant's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

In June of 2021, the defendant was on probation for his March 11, 2021, conviction of possession of controlled dangerous substances. As part of his probation, the defendant was required to inform the probation office where he would be residing during the term of his probation; he indicated he would be living in a certain home which he did not own. On June 8, 2021, the probation officers went to the home to do a "residence check." The defendant and his 14-year-old daughter were the only people present when the officers arrived.

---

[1] The predicate conviction was a March 2021 guilty plea to felony possession of controlled dangerous substances.

In the defendant's bedroom (per the defendant's own admission), the officers found a total of five firearms (four of which were loaded) and 173 grams of methamphetamine, along with two food scales and numerous plastic baggies. One plastic baggie contained 110 grams of methamphetamine. The other 63 grams of methamphetamine were distributed between a plastic container and a straw. All contraband and paraphernalia, except for one gun, was located in the closet of the defendant's bedroom. The gun discovered outside the closet was hidden behind an object on the shelf above the head of the defendant's bed. After realizing the quantity of methamphetamine involved, the probation officers stopped the search out of concern a "meth lab" might be present. In that accord, the probation officers summoned narcotics agents John Berry and Kevin Harris of the Caddo Parish Sheriff's office. The narcotics agents obtained a search warrant,[2] and executed the search warrant.

The defendant admitted to Agent Berry that the methamphetamine belonged to him, but claimed it was strictly for personal use. He was also found to have $381 cash on his person. Based on a Drug Enforcement Agency schedule of values, Agent Berry testified that the total value of the methamphetamine seized from the defendant's bedroom was approximately $11,000. However, Agent Harris, who was admitted as an expert in the area of drug trafficking, testified that the street value of methamphetamine had declined significantly. In particular, he testified that methamphetamine had at that time the street value of up to $600 per ounce, placing the total value as high as $3,660. Both agents testified that the defendant's possession of

_____

[2] While the search was ongoing, the homeowner returned. She reported that she had been out of town for roughly 3 weeks.

2

$381 cash on his person was consistent with distribution. Likewise, both agents testified that the overall amount of methamphetamine found in the defendant's room was inconsistent with mere personal use.  Agent Berry testified that the plastic baggies found near the methamphetamine were typically used for drug distribution.

Agent Harris noted in his testimony that only one of the plastic baggies contained methamphetamine residue and explained that it is not typical for a mere user to have an inventory of clean, unused packaging material.  He also stated that drug sellers, in addition to having a cache of drugs, usually also have scales, an inventory of plastic baggies, and guns to protect their merchandise.  Finally, Agent Harris explained that selling and using drugs are not mutually exclusive: sellers can also be users who sell for fast cash or to support their habit.  Agent Harris, as an expert witness, concluded that the evidence was indicative of distribution, not mere possession for personal use.[3]

## ASSIGNMENTS OF ERROR

In this appeal, the defendant, in effect, urges four assignments of error: (1) the evidence was insufficient to prove he had possession of the methamphetamine; (2) the evidence was insufficient to prove he intended to distribute the methamphetamine; (3) the evidence was insufficient to prove he had possession of the guns; and (4) his sentence is excessive.

---

[3] The defendant's criminal history includes: (1) conviction of resisting an officer, public drunkenness, profane language, and disturbing the peace (all in connection with the same incident) in 2001; (2) convicted of possession of marijuana in 2003; (3) an arrest for misdemeanor possession of marijuana in 2004; (4) arrested for second degree murder in 2006; (5) convicted of felony possession of marijuana, second offense, in 2007; (5) convicted of felony possession of methamphetamine (schedule II controlled dangerous substance) in 2009; and (6) arrested for possession of schedule II CDS in 2019, *convicted* in March of 2021.

## DISCUSSION

**Sufficiency of the evidence**

In *State v. Alexander*, 2022-01205 (La. 5/5/23)—So.3d--, 2023 WL 32638978, the Louisiana Supreme Court recently reiterated the general framework for review of sufficiency of the evidence:

> Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the due process standard of *Jackson v. Virginia.* Under…[that standard]…, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In reviewing the evidence, the whole record must be considered because a *rational* trier of fact would consider all of the evidence.

*State v. Alexander, supra*, also explains how sufficiency of the evidence review is to be conducted when the state's case relies largely on circumstantial evidence:

> Circumstantial evidence is evidence of one fact, or a set of facts, from which the existence of the fact to be determined may reasonably be inferred. In criminal cases, the rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438.
> The *Jackson* standard leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts. Importantly, the due process standard in *Jackson* does not allow a jury to speculate on the probabilities of guilt where rational jurors would necessarily entertain a reasonable doubt. The requirement that jurors reasonably reject the hypothesis of innocence advanced by the defendant in a case of circumstantial evidence presupposes that a rational rejection of that hypothesis is based on the evidence presented, not mere speculation.

***Possession of methamphetamine; intent to distribute.*** The defendant argues that the State failed to sufficiently prove constructive or actual

possession of the methamphetamine and intent to distribute. He was convicted pursuant to La. R.S. 40:967, which in relevant part, provides:

> **A. Manufacture; distribution.** …[I]t shall be unlawful for any person knowingly or intentionally:
> (1) To …possess with intent to…distribute, or dispense, a controlled dangerous substance…
> **B. Violations of Subsection A.** Any person who violates Subsection A of this Section with respect to:
> (1) Except as otherwise provided in Paragraphs (2), (3), and (4) of this Subsection, a substance classified in Schedule II for an amount of:
> …
> (b) An aggregate weight of twenty-eight grams or more, shall be imprisoned at hard labor for not less than one year nor more than twenty years...

In *State v. Grant*, 54,847 (La. App. 2 Cir. 12/14/22), 352 So. 3d 179, 186–87 we stated:

> To convict a defendant of possession of CDS, the state must prove that the defendant knowingly possessed an illegal drug. Possession may be established by showing that the defendant exercised either actual or constructive possession of the controlled dangerous substance. Actual possession means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object. The state need not prove the defendant actually possessed the drugs, as evidence of constructive possession is sufficient. Constructive possession is established by evidence that the drugs were within the defendant's dominion and control and that the defendant had knowledge of its presence. Guilty knowledge is an essential element of possession of contraband and can be inferred from the circumstances. A defendant's mere presence in area where drugs are located or association with one possessing drugs does not constitute constructive possession. However, proximity to the drug or association with the possessor, may establish a prima facie case of possession when colored by other evidence.

The defendant argues that the evidence was insufficient to support a finding of possession of the methamphetamine, and was insufficient to support a finding of intent to distribute. This argument is meritless. The defendant admitted that the methamphetamine found in his bedroom was

5

indeed his.  This admission alone constitutes sufficient evidence for possession.  Furthermore, the circumstances corroborate that admission.

Viewed as a whole, the five guns, two scales, numerous unused plastic baggies, $361 cash, and amount of methamphetamine worth as much as $3600, constitute sufficient proof that the defendant had intent to distribute. All these items were stored in the defendant's bedroom, and four of the five guns were loaded.  Testifying as an expert in drug trafficking, Agent Harris concluded that this evidence indicated methamphetamine distribution, not mere personal use. Accordingly, this assignment of error is without merit and is rejected.

*Possession of firearms.*  The defendant was convicted of the contemporaneous possession of firearms and illegal possession of controlled dangerous substances.  He claims that the State failed to sufficiently prove his actual or constructive possession of the firearms as necessary to establish violation of La. R.S. 14:95(E), which provides:

> If the offender uses, possesses, or has under his immediate control any firearm…while… unlawfully in the possession of a controlled dangerous substance …the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence.

The defendant was also convicted of possessing a firearm as a convicted felon, and likewise argues the state failed to sufficiently prove possession of the firearms as necessary to establish violation of La. R.S. 14:95.1:

> It is unlawful for any person who has been convicted of… any violation of the Uniform Controlled Dangerous Substances Law[1] which is a felony…to possess a firearm or carry a concealed weapon.
> …

6

Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.

In *State v. Law*, 45,435 (La. App. 2 Cir. 8/11/10), 46 So. 3d 764, 770, we explained:

The general intent to commit the offense of possession of a firearm by a convicted felon may be proved through the actual possession of the firearm or through the constructive possession of the firearm. For purposes of the offense of possession of a firearm by a convicted felon, whether the proof is sufficient to establish possession turns on the facts of each case. Further, guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. A defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary in nature. Constructive possession entails an element of awareness or knowledge that the firearm is there and the general intent to possess it. (Internal citations omitted).

All of the firearms were found in the bedroom that the defendant admitted was his. Four of the five guns were found in the defendant's bedroom closet, wherein he admittedly stored his 173 grams of methamphetamine and paraphernalia. The fifth firearm was found on a shelf above the head of the defendant's bed. The location of four of the guns in the defendant's bedroom closet with his methamphetamine was sufficient evidence to prove that the defendant had dominion and control over these firearms. Considering the totality of the evidence, the location of the fifth gun on a shelf above the headboard of the defendant's bed is also sufficient to prove the defendant's dominion and control over that firearm. Agent Harris testified as an expert witness that drug dealers often have firearms to

7

protect their merchandise from robbers. Accordingly, this assignment of error lacks merit and is rejected.

**Excessive sentence**

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C.Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065; *State v. Wing*, 51,857 (La. App. 2 Cir. 2/28/18), 246 So. 3d 711. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *Croskey, supra*. There is no requirement that specific matters be given any particular weight at sentencing. *Croskey, supra*. If the record clearly supports the sentence imposed, remand is unnecessary even when the trial court fails to articulate a factual basis for the sentence. *State v. Harrell, 51, 966 (La. App. 2 Cir. 4/11/18), 247 So. 3d 1030.*

Second, the court must determine whether the sentence is

constitutionally excessive. *Id.* Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. *Id.*; *State v. Baker*, 51,933 (La. App. 2 Cir. 4/11/18), 247 So. 3d 990, *writ denied*, 18-0858 (La. 12/3/18), 257 So. 3d 195, and *writ denied*, 18-0833 (La. 12/3/18), 257 So. 3d 196.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and sentences should not be set aside as excessive in the absence of manifest abuse of discretion. *Vanhorn, supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Croskey, supra*. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence. *Vanhorn, supra.*

It is well established that the sentencing court may consider other charges pending against the defendant at the time of sentencing. La. C.Cr.P. art. 875; *State v. Hatter*, 338 So. 2d 100 (La. 1976) ("[I]t is clear that a trial judge may consider evidence of other offenses in determining sentence"); *State v. Anderson*, 30,060 (La. App. 2 Cir. 10/29/97), 702 So. 2d 40 ("For purposes of sentencing, the court may draw from sources beyond mere convictions…The court may consider prior arrests, and suspicions of criminal activity without actual proof the defendant committed the other

offenses"). Recently, in *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031, this court stated:

> In selecting a proper sentence for a criminal defendant, a trial judge is not limited to considering only prior convictions and may review all evidence of prior criminal activity. When evaluating a defendant's criminal history, trial courts may consider evidence at sentencing that would otherwise be inadmissible at trial. For example, the trial court may consider records of prior arrests, hearsay evidence of suspected criminal activity, conviction records, and evidence of uncharged offenses or offenses that were *nolle prossed*. (Internal citations omitted).

In effect, the defendant received a 20-year sentence on his conviction of seven felonies in the instant case. The sentencing transcript reflects that the trial court did not articulate any factual basis for the sentences, except stating that it did not believe defense counsel's suggestion that the defendant's commission of the crimes was due in part to his drug addiction.

Regardless, the record clearly supports the sentence, and it is not excessive. At the time the defendant was found with a cache of guns and methamphetamine, he was already on probation in relation to his felony conviction for possession of methamphetamine *only three months prior*. This demonstrates the defendant's recalcitrance and a high likelihood of further recidivism. The defendant's poor outlook is exacerbated by his extensive criminal history. It is also exacerbated by the fact that the defendant could not rationally have thought he had a worthwhile chance of not being caught when he stored the guns and drugs in his own bedroom in the home at which he told the probation officers he would reside.

The moral culpability of the defendant's actions is further compounded by the fact that the defendant had his 14-year-old daughter with him while he held the methamphetamine for sale and protected it with a

cache of loaded firearms. The evidence supports a finding that the defendant knowingly placed his own daughter at risk of being harmed in an accident with one of his loaded firearms, a drug deal turned violent, an attack by robbers, a police raid, or her own consumption of her father's methamphetamine. In addition, the defendant knowingly took the risk of normalizing his criminal activities in the mind of his 14-year-old daughter.

**Errors Patent**

The record reflects three errors patent. All three errors are harmless to the defendant.

First, the penalty provisions of La. R.S.14:95.1 and 14:95(E) mandate the imposition of fines within specified ranges. The trial court did not impose any such fines. That rendered the defendant's sentence illegally lenient, and we instruct the trial court to impose a fine in accordance with law.

Second, at sentencing, the trial court ordered that the sentences be served concurrently. However, the minutes state that the sentences are to run consecutively. The trial court is ordered to correct the minutes to reflect that the sentences are to be served concurrently.

Finally, the defendant's sentence pursuant to La. R.S. 14:95(E) is illegally lenient in that the trial court failed to specify that the sentence is to be served *at hard labor*. The trial court is ordered to remedy this error.

## CONCLUSION

The defendant's conviction and sentence are **AFFIRMED.** This case is **REMANDED** for correction of the errors patent discussed hereinabove.

11