308 So.2d 746 (1975)
STATE of Louisiana
v.
James Lee GABRIEL.
No. 55379.
Supreme Court of Louisiana.
February 24, 1975.
A. J. Graffagnino, Ronald P. Herman, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Marion F. Edwards, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Parish of Jefferson, Gretna, for plaintiff-appellee.
BARHAM, Justice.
After a trial by jury, defendant was convicted of armed robbery, a violation of La. R.S. 14:64, and was sentenced to twenty-five years' imprisonment. His appeal to this Court is based on three perfected bills of exceptions.
At approximately 10:00 p.m. on the evening of June 14, 1972 three young males, one of whom was armed with a shotgun, *747 entered the Sunset Drive-In restaurant at Bridge City, Jefferson Parish, Louisiana, and demanded money from the manager, Joseph Beck. Only Mr. Beck and a young female employee were present in the establishment when the youths arrived. Moments later, the young employee's sister arrived. After the youths secured the money they locked Mr. Beck in the rest room and began to harass the young girls. A scuffle involving two of the young robbers and the two girls ensued, during which one of the girls sustained several cuts and had part of her clothes torn from her body. At some point during the struggle the robbers abandoned the scene and the three victims contacted the police. Defendant was subsequently arrested and tried for the armed robbery.

BILL OF EXCEPTIONS NO. 1
Defendant reserved this bill of exceptions when the trial court overruled his objection to the introduction into evidence of four items of torn and blood-stained clothing. The trial objection was based on the argument that the tangible evidence should have been excluded because it was inflammatory. In oral argument before this Court and in brief, however, the defendant complains of the introduction of testimonial as well as tangible evidence of this other criminal act, arguing that it is extremely prejudicial evidence of another offense.
In reviewing the record we note that notwithstanding the scope of defendant's objection during oral argument and in brief, testimonial evidence of the ownership of the clothing and the manner in which it became torn and blood-spattered was introduced at trial without defense objection. The young woman victim was shown each of the four items of clothing in the presence of the jury; she identified each item as being clothing worn by her on the night of the armed robbery. Additionally, an earlier state's witness had testified without defense objection regarding his observation of the girl's battered and bloody condition and her torn and blood-stained clothing after the robbers exited the scene of the robbery.
Under the circumstances, we must find defendant's objection to be without merit. The objection levelled at the marking and filing into evidence of these four articles of clothing came too late, being made after the clothing had been properly identified in the view of the jury. The clothing had been presented as evidence, in fact if not in law, without defense objection during the identification procedure and prior testimony. No objection was made then, nor at any time during which the State's witnesses gave testimony concerning the battering of the girl victim or her condition thereafter. If the introduction of evidence of this other offense was error, the right to object to such error was waived when defendant allowed the introduction of the testimonial evidence and the identification of the tangible evidence to go unchallenged. Reviewing the complaint presented by the bill of exceptions as reserved at the time of trial, we find no reversible error.

BILL OF EXCEPTIONS NO. 2
This bill of exceptions was reserved when the trial court denied defendant's motion for a mistrial based on a testimonial reference to "mug shots" by a State's witness. The witness had testified in response to a question by the State that she had last seen the defendant about a week before trial, when an earlier trial date had been upset. The prosecutor then asked: "And before that you had not seen him except on the night of June 14th? [the night of the robbery]." The witness responded: "That's right except for the mug shots that the policeman brought that I identified." Thereupon, a mistrial motion was made and denied out of the presence of the jury. When the jury was returned to the courtroom the trial court admonished the jurors to disregard the reference.
*748 It is well established that an unsolicited answer or statement of a witness which is not necessarily responsive to the question posed does not mandate the granting of a mistrial. See State v. Callihan, 257 La. 298, 242 So.2d 521 (1970); see also State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971). Under La. C.Cr.P. Article 771 it is within the trial court's discretion to grant a mistrial if it believes that an admonition is insufficient to assure the defendant a fair trial. In the instant case the trial court, on its own motion, gave an admonition upon its refusal to grant a mistrial. We hold that the trial court did not err in refusing the mistrial; the admonition it gave in the exercise of its discretion was sufficient to remedy any prejudice against the defendant.
This bill of exceptions is without merit.

BILL OF EXCEPTIONS NO. 3
Defendant reserved this bill of exceptions when the trial court overruled his motion for a mistrial made when Detective Ling, the arresting officer, testified that he conducted a photographic lineup. After the removal of the jury, defendant argued that the officer's reference implied that defendant had a prior record; it was contended that there would have been no photograph of him if this were not so and that the existence of the photograph prompted such an inference.
We do not agree with the defendant that the officer's reference to a photographic line-up implied the use of photographs from police files and, thus, a prior police record. This Court has had occasion to review numerous photographic line-ups in which the photographs used were not "mug shots" or photographs contained in police files. In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), a landmark United States Supreme Court photographic line-up decision, the photographs used in the line-ups were snapshots obtained from the defendant's relatives.
We hold that the trial court did not err in denying defendant's motion for a mistrial.
This bill of exceptions lacks merit.
For the reasons stated above, the defendant's conviction and sentence are affirmed.
SUMMERS, J., concurred.