336 So.2d 780 (1976)
STATE of Louisiana, Appellee,
v.
Lawrence "Red" BABIN, Appellant.
No. 57584.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
Bertrand DeBlanc, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Ronald E. Dauterive, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
On remand after reversal of a previous conviction, 319 So.2d 367 (La.1975), the defendant was convicted of armed robbery, La.R.S. 14:64, and sentenced to twenty-five years at hard labor. On his present appeal, he relies upon two principal arguments (advanced through four assignments of error).

(1)
The first argument (Assignments of error nos. 1 and 2) was taken as to the admission, over defendant's objection, of the testimony of two physicians that the defendant was sane at the date of their examinations (in the statutory sense that he knew the difference between right and wrong with regard to the offense charged. La.R.S. 14:64).
*781 The testimony was offered in connection with the defendant's plea of not guilty by reason of insanity. La.C.Cr.P. art. 552. The accused contends that the testimony was inadmissible and of no probative force insofar as it contained medical opinions based on examinations made several months after the date of the offense. He contends that only evidence as to his sanity or not on the actual date of the offense is probative and admissible.
The objection goes to the weight rather than to the admissibility of the evidence. The fact that the accused was sane (in the statutory sense) several months after the offense, does not prove he was sane on the date of its commission; but it is relevant evidence which the jury may consider in determining such fact-issue. As we stated in State v. Sauls, 226 La. 694, 77 So.2d 8, 12 (1954), "evidence of present sanity was a factor which could be considered by the jury in determining the validity of appellant's defense of insanity at the time of the commission of the offense."

(2)
The second argument (Assignment no. 3) relates to the denial of a motion for a mistrial when a deputy mentioned that he brought "a tray of mug shots" to the victim, in an effort to secure his identification of any suspected burglar.
The defendant argues that from this comment the jury might infer that the accused had a previous criminal record. Thus, it is contended, the question elicited an inadmissible comment in the nature of an indirect reference to other crimes alleged to have been committed by the defendant, thus mandatorily requiring a mistrial. La.C.Cr.P. art. 770(2).
In the absence of deliberate intent by the state to secure prejudicial reference of this nature, the unresponsive reply of a state witness referring to mug shots does not require mandatory mistrial under Article 770. State v. Smith, 285 So.2d 240 (La.1973). The trial court, however, has discretion to grant a mistrial if it is satisfied that an admonition is not sufficient to cure the prejudice so caused. La.C.Cr.P. art. 771.
Here, the trial court offered to admonish the jury to disregard the inadvertent reference of the deputy to the mug shots. The defendant did not wish to emphasize the remark and accordingly refused the admonition.
Prosecutors should, of course, attempt to avoid responses of the nature here involved, if necessary cautioning their witnesses in advance. Nevertheless, we are unable to find that the reference to mug shots was so unmistakably a reference to other crimes alleged to have been committed by the accused as to require a mistrial, State v. Price, 325 So. 2d 780 (La.1976), instead of being curable by a cautionary instruction (as offered). We thus find no abuse of discretion in the trial court's denial of a mistrial.
We are unable to find any merit to an additional assignment (no. 3) based on this same contention.
The contention stems from the following testimony: The victim, when asked, "Have you seen him [the accused] on any occasion prior to that?", replied, "Well, I saw himI saw a photograph of him."
The victim's reference to seeing a "photograph" of the accused at a time and place unspecified does not in terms refer to photographs taken in connection with criminal charges. The state made no attempt by the question or in context to connect this unsolicited testimony with the prior unsolicited improper reference by another witness to the mug shots. We cannot find error in the denial of a mistrial, for we do not believe that, even in conjunction with the earlier reference to mug shots by another *782 witness, the reply by the witness in context referred to other criminal charges.

Decree
For the reasons assigned, therefore, we affirm the conviction and sentence.
AFFIRMED.