MARCUS, Justice.
Rose Marie Davis was indicted by the grand jury for the second degree murder of Senola Marie Hodges in violation of La.R.S. 14:30.1. After trial by jury, she was found guilty as charged and subsequently sentenced to life imprisonment at hard labor. On appeal, defendant relies on five assignments of error for reversal of her conviction and sentence.[1]
ASSIGNMENTS OF ERROR NOS. 6, 8, 9 AND 12
These assignments of error were argued together. They relate to testimony of certain witnesses, viz., Mrs. -Katie Reddicks (No. 6), Anderson Price (Nos. 8 and 9), and Detective Wayne Cooper (No. 12) during the course of trial concerning acts of alleged misconduct by defendant prior to and after the commission of the crime charged. It is urged that the testimony in each instance was irrelevant and was of such a nature that it created prejudice against defendant in the mind of the jury to such an extent that it prevented her from obtaining a fair trial. Therefore, she argues that the trial judge erred in refusing to grant a mistrial at the time each of these remarks was made, citing La.Code Crim.P. arts. 771 and 775.
Mrs. Katie Reddicks, mother of the victim, testified that she was in Teenie’s bar sometime before the homicide and had been seated at a table with the defendant. Three teenage girls came in to buy soft drinks. As they left, defendant followed them outside and threw bricks “and things” at these young girls. The victim followed defendant and told her to come back into the bar. Although defendant objected to this testimony as being irrelevant and prejudicial, she made no motion for a mistrial.
The testimony regarding the confrontation between the victim and defendant shortly before and at the place where the murder was committed is a relevant circumstance tending to show the commission of the offense. La.R.S. 15:435 and 441. In any event, even if irrelevant, we do not consider that the testimony was of such a prejudicial nature as to constitute reversible error. La.Code Crim.P. art. 921.
Next, defendant contends that Anderson Price was permitted to testify that he owed defendant money because she had sexual relations with him earlier in the day at his home. It is urged that this testimony was elicited in an attempt to demonstrate to the jury that defendant had previously engaged in immoral conduct.
Price testified that he had been with defendant since 6:00 a.m. on August 13, 1974 (date of crime) when she came to his apartment where they had sexual relations *827 on two occasions. Defendant also cleaned his apartment for him. Price stated that he promised to give defendant $10.00 for having slept with him but had only paid her $5.00. They left his apartment and ultimately arrived at Teenie’s bar about 9:00 or 9:30 that night. While at the bar, defendant became angry with Price because he had given her less money than he promised. Therefore, she removed his wallet, containing money, a credit card and his driver’s lieénse, from his pocket. Price’s credit card and driver’s license were recovered from defendant’s purse when she was arrested on August 22, 1974 (some nine days after the crime). At the time of her arrest, defendant denied knowing anything about the murder in question. She told the police officers that she did not know the location of Teenie’s bar and could not have committed the murder as she was in jail at the, time. It was later discovered that she had not been arrested and jailed until approximately two and a half hours after the stabbing had occurred. Nevertheless, the state was confronted with a denial by defendant that she had been present at the bar at the time of the crime. Accordingly, it was quite relevant for the state to offer testimony relative to the circumstances surrounding the taking of Price’s wallet by defendant at the bar on the night of the stabbing and the subsequent recovery of its contents from defendant’s possession in order to corroborate Price’s testimony that defendant was present at the bar on the night of the murder and to refute defendant’s statement to the contrary. In any event, even if irrelevant, we do not consider it of such a prejudicial nature as to have made it impossible for defendant to have obtained a fair trial. In sum, the trial judge did not err in denying defendant’s motion for a mistrial. La.Code Crim.P. arts. 771 and 775.
Finally, defendant urges that the trial judge erred in allowing Detective Wayne Cooper to testify as to a prior arrest of defendant for an unrelated offense.
This arose in the following context. Detective Cooper was asked if defendant had made a statement at the time of her arrest (August 22). He replied that she had denied knowing the location of Teenie’s bar and stated that she could not have committed the murder because she was in jail at the time. The detective was then asked if he had checked her story. He replied that he had discovered that defendant was arrested for public intoxication but not until approximately two and a half hours after the stabbing had occurred. It was at this point that defendant moved for a mistrial.
First, the testimony relating to the time of defendant’s prior arrest for public intoxication was relevant to refute defendant’s statement that she could not have committed the murder because she was in jail at the time. Moreover, defendant herself called a correctional officer (Jeanne Cecilia McGlory) and established the fact that she had been arrested at 2:10 a.m. on August 14, 1974 for public intoxication. Defense counsel brought out by this witness that defendant was highly intoxicated at the time of her arrest. The apparent purpose for offering testimony of this nature was to support her defense. Defendant, an epileptic, also introduced medical testimony seeking to impress the jury with the effect of intoxication upon her condition. This was done in an effort to make it appear to the jury that she could not have had the requisite specific intent to commit a murder on the night of August 13. Defendant took the stand and admitted her arrest during the early morning hours of August 14 for being drunk. Consequently, even assuming that the testimony of Detective Cooper relative to defendant’s prior arrest for public intoxication was irrelevant, no prejudice resulted. Hence, the trial judge did not err in denying defendant’s motion for a mistrial.
Assignments of Error Nos. 6, 8, 9 and 12 are without merit.
ASSIGNMENT OF ERROR NO. 7
Defendant contends that the trial judge erred in denying her motion for a mistrial after prejudicial hearsay testimony was given by Anderson Price.
*828 Price had escorted defendant to the bar on the night of the stabbing. During the examination of this witness by the state, he was asked:
Did anything unusual take place while you were in there, sir?
To which Price responded:
Nothing unusual except for the fact that I was in there with Rose, and they said Rose had stabbed a lady.
When defendant’s motion for a mistrial was denied, the trial judge admonished the jury to disregard Price’s statement as being hearsay. Defendant claims that the prejudice resulting from the statement was not cured by the admonition.
Price’s statement was clearly hearsay testimony and was therefore inadmissible. Nor was it admissible under any of the well-recognized exceptions to the hearsay rule. The only question is whether it was of such a prejudicial nature as to have required the granting of a mistrial. We think not for the following reasons.
The answer or statement was completely unsolicited and unresponsive. Such testimony is not chargeable against the state to provide a ground for reversal of a conviction. State v. Jones, 332 So.2d 466 (La.1976); State v. Luneau, 323 So.2d 770 (La.1975); State v. Howard, 283 So.2d 197 (La.1973). Nor does such testimony mandate the granting of a mistrial. State v. Gabriel, 308 So.2d 746 (La.1975). Under La.Code Crim.P. art. 771, the applicable article here, it is within the trial judge’s discretion to grant a mistrial if he believes that an -admonition is insufficient to assure a defendant a fair trial. State v. Gabriel, supra. In the instant case, the trial judge, on his own motion, gave an admonition upon his refusal to grant a mistrial. We do not consider that the trial judge abused his discretion in refusing the mistrial, as any prejudice created by the unsolicited and unresponsive statement by the witness was cured by the admonition.
Our conclusion is fortified by other testimony in the record. The record reveals that there were only three people, viz., Augustine Johnson, barmaid, Senola Marie Hodges, victim and employee at bar, and Rose Marie Davis, defendant, in the bar at the time of the stabbing. The victim and Augustine Johnson were attempting to close the bar but were having difficulty getting defendant to leave. They even threatened to call the police. Augustine Johnson testified that she told the victim to leave, and she would finish closing the bar. Defendant got up as the victim approached the position where defendant had been sitting. At this point, Augustine Johnson heard profane language and the victim explain to defendant that she did not use such language and did not appreciate hearing it. Augustine Johnson stated that the next thing she saw was defendant walking out of the bar as the victim came over to her and stated that the “lady cut me.” The witness then stated that the victim “showed me where the lady cut her, had stabbed her.” [2] Clearly, these statements referred to defendant, as she was the only other person present. Detective Wayne Cooper also testified, without objection, that defendant had been “identified to me by witnesses as the person who had committed a homicide.” We conclude that the hearsay statement of Price that “they said Rose had stabbed the lady” was merely cumulative and corroborative of the testimony of these two witnesses. The admission of the hearsay testimony under these circumstances does not constitute reversible error and supports our conclusion that the trial judge did not abuse his discretion in denying defendant’s motion for a mistrial. State v. Ford, 336 So.2d 817 (La.1976).
In sum, Assignment of Error No. 7 is without merit.
*829 DECREE
For the reasons assigned, the conviction and sentence are affirmed.

. Assignments of Error Nos. 1, 2, 3, 4, 5, 10, 11, 13 and 14 were neither briefed nor argued in this court. Therefore, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So .2d 675 (La.1975).

. While defendant made an objection, the objection is not urged in the assignments of error argued on appeal. This is probably due to the fact that such statements made by the victim to the witness, Augustine Johnson, immediately after she was stabbed are admissible as res gestae, an exception to the hearsay rule. La. R.S. 15:447 and 448; State v. Batiste, 318 So.2d 27 (La.1975).