422 So.2d 1115 (1982)
STATE of Louisiana
v.
Allen MICHEL a/k/a Allan Michael.
No. 81-KA-3194.
Supreme Court of Louisiana.
October 18, 1982.
*1117 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Marion B. Farmer, Dist. Atty., Abbott J. Reeves, William R. Alford, Asst. Dist. Atty., for plaintiff-appellee.
Ralph L. Barnett, Gretna, for defendant-appellant.
MARCUS, Justice.
Allen Michel a/k/a Allan Michael was indicted by the grand jury for the first degree murder of Ernest Perry in violation of La.R.S. 14:30. After trial by jury, he was found guilty of second degree murder and was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. On appeal, defendant relies on eleven assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant contends the trial judge erred in denying his motion for a mistrial on the ground that the prosecutor made a reference to an inculpatory statement made by him in the prosecutor's opening statement to the jury (Assignment of Error No. 1) and in failing to properly admonish the jury to disregard the remark (Assignment of Error No. 2).
During his opening statement to the jury, the prosecutor made a reference to the fact that defendant went to the home of a friend (Darryl Treadway) on October 23, 1978 and requested that he (Treadway) give him a gun in order to "jack Little [victim]." Defendant moved for a mistrial. The trial judge denied the motion and admonished the jury "to disregard entirely as if not said any remarks by the Assistant District Attorney concerning any kind of inculpatory statement made by the defendant in his opening remarks."
La.Code Crim.P. art. 767 prohibits the state in the opening statement to advert in any way to a confession or inculpatory statement made by the defendant. We have held that as used in art. 767 the term "inculpatory statement" refers to out-of-court admission of incriminating facts made by a defendant after the crime has been committed. It relates to past events. State v. Labostrie, 358 So.2d 1243 (La.1978); State v. Miles, 339 So.2d 735 (La.1976).
In the instant case, the alleged crime was committed on October 25, 1978. The statement objected to was made two days prior thereto (October 23). Since the statement was made by defendant prior to the time the crime was committed, it was not an inculpatory statement and, hence, not subject to the restriction set forth in art. 767. No admonition was necessary.
Assignments of Error Nos. 1 and 2 are without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his motion to suppress a ".25 caliber slug" seized pursuant to a *1118 search warrant. He argues that the evidence was seized from an area beyond the scope of the warrant.
After selection and swearing of the jury but prior to the opening statements by the state and defendant, a suppression hearing was held outside the presence of the jury. The warrant in question had been issued for the search of the premises, person or vehicle located at "Rt. 1 Box 239-A Folsome La. a blue/white house trailer on the property of Frank Michael" for the purpose of seizing the following described property: .25 caliber pistol, .25 caliber live ammunition, .25 caliber empty casings, and various items of clothing. In the course of executing the search warrant, the officers noticed that a tree three feet from the northwest corner of the house trailer appeared to have been "shot up" by some type of weapon. During the process of checking the marks on the tree, the officers observed a slug. The slug was dug out of the tree and tests later revealed that it was a .25 caliber slug matching the one taken from the victim's body. After the hearing, the trial judge denied the motion to suppress.
In State v. Roach, 322 So.2d 222 (La. 1975), we stated that
a search warrant authorizing the search of the "premises" at a stated address must reasonably be interpreted to permit a search of the dwelling house proper, the garage, and any other outbuildings within close proximity of the house proper that one normally associates with and includes within the word "house" or "premises."
In Roach, we held that the search of a motorcycle parked in a carport or garage in the rear of a house was included in the "premises." Likewise, we conclude that a tree located within three feet of the corner of the house trailer is included within the "premises." Hence, we do not consider that the officers exceeded the scope of the search warrant. The motion to suppress was properly denied.
Assignment of Error No. 3 is without merit.

ASSIGNMENTS OF ERROR NOS. 6 AND 7
Defendant contends the trial judge erred in denying his motion for a mistrial on the ground that a witness for the state gave an improper and prejudicial answer (Assignment of Error No. 6) and in failing to properly admonish the jury to disregard the comment (Assignment of Error No. 7).
Darryl Treadway testified that defendant had come to his house prior to the crime and borrowed his .25 caliber automatic gun. On the day of the crime (October 25, 1979), defendant returned to his house and told him (Treadway) that "he had reason to believe they was looking for him for a shooting." Upon stating that defendant was in possession of dilaudids at that time, the state asked the witness if defendant had told him where he got the drugs. Treadway responded in the negative. The prosecutor then reminded the witness of his statement to the police on March 17, 1981, and asked him about his conversation with defendant on October 25 (date of crime). He responded: "I was under the impression that he shot the guy." Defendant objected and moved for a mistrial. The trial judge ordered the answer stricken and admonished the jury to disregard it as unresponsive. Defendant further objected that the admonition did not cure the prejudicial effect of the answer.
La.Code Crim.P. art. 771 provides that upon request of defendant, the court shall promptly admonish the jury to disregard a remark or comment made by a witness during the trial when the remark might create prejudice against the defendant in the mind of the jury. In such a case, on motion of defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Unsolicited and unresponsive testimony is not chargeable against the state to provide a ground for reversal of a conviction. State v. Jones, 332 So.2d 466 (La. 1976). Under art. 771, it is within the trial judge's discretion to grant a mistrial if he *1119 believes that an admonition is not sufficient to assure defendant a fair trial. State v. Davis, 339 So.2d 825 (La.1976). In the instant case, the answer of the witness was completely unsolicited and unresponsive. The trial judge properly admonished the jury to disregard the remark. We do not consider that the trial judge abused his discretion in refusing to grant the mistrial as any prejudice created by the statement was cured by the admonition.
Assignments of Error Nos. 6 and 7 are without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in refusing to grant a mistrial on the ground that the prosecutor made a prejudicial remark while questioning a witness.
During redirect examination of Darryl Treadway, a key state witness who was then in jail, the following colloquy occurred between the prosecution and the witness:
Q. Generally speaking, sir, for a person like yourself who is facing going to the penitentiary, is it generally healthy that you come in and testify against another person that might go to the penitentiary?
A. No, sir.
Q. Did I tell you Thursday night that if you had to go to the penitentiary, I would try to see to it that you were incarcerated at another place other than where Alan Michel would be incarcerated?
A. Yes, sir.
Defendant objected and moved for a mistrial on the ground that the question represented a comment by the prosecutor on defendant's guilt. The trial judge sustained the objection, denied the motion, and admonished the jury to disregard the question and answer. We consider that the prosecutor was simply attempting to disclose to the jury the promise he had made to the witness for testifying in this case. We do not consider that it constituted a prejudicial comment by him on defendant's guilt. In brief to this court, defendant argues for the first time that the comment "implied" that defendant was guilty of another crime, i.e., intimidating a witness (La. R.S. 14:129.1). A new basis for an objection cannot be raised for the first time on appeal. State v. Drew, 360 So.2d 500 (La. 1978); State v. Fowlkes, 352 So.2d 208 (La. 1977). In any event, there is no substance to this contention. We do not believe that the jury could have reasonably made such an inference. Nonetheless, the trial judge admonished the jury to disregard the question and answer. The trial judge did not abuse his discretion in refusing to grant a mistrial.
Assignment of Error No. 8 is without merit.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in accepting Otto B. Stubbs, Jr. as an expert in firearms examining.
The record reveals that Otto B. Stubbs, Jr. had been employed by the New Orleans Police Department Crime Lab since 1968. At the time of trial, he had been assigned to the firearms examining section of the crime lab for over three years. He received his basic training from the FBI Academy in Quantico, Virginia in 1973, but this course involved limited exposure to firearms examining. He had no further formal training but received additional on-the-job training while working for two individuals with the State Police Crime Lab. At the time of trial, he was working under the supervision and direction of a sergeant of the New Orleans Police Department. He had been accepted in the courts of this state as an expert in firearms examining approximately fifteen times.
La.R.S. 15:466 provides:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert this competency so to testify must have been established to the satisfaction of the court.
Competency of an expert witness is a question of fact within the sound discretion of *1120 the trial judge, and his rulings on qualifications of experts will not be disturbed unless clearly wrong. State v. Coleman, 406 So.2d 563 (La.1981).
In the instant case, Officer Stubbs was thoroughly questioned to the extent of his knowledge by the state, defendant and the court. We do not find that the trial judge abused his discretion in accepting the witness as an expert in firearms examining.
Assignment of Error No. 9 is without merit.

ASSIGNMENT OF ERROR NO. 10
Defendant contends the trial judge erred in allowing certain photographs in evidence. He argues that the photographs did not accurately depict the scene of the crime and were objectionable as gruesome and unnecessary as the victim's wife had already identified the victim.
The state introduced several photographs of the scene of the crime in evidence. One of the photographs depicted the victim lying on the grass at the scene of the crime with blood on his face and clothing. This photograph was viewed by the victim's wife for the purpose of identifying the victim. The other photographs depicted the victim in full lying face down in the grass and/or part of his body from various angles. These photographs were viewed by the investigating officer who took the photographs to prove the location of the injuries and the place where the crime occurred.
Generally, photographs of the body of the victim depicting the fatal wounds are relevant to prove the corpus delicti; to corroborate other evidence of the manner in which the death occurred; to establish the location, severity, and number of wounds; and to establish the identity of the victim. The test of admissibility is whether the probative value of the photographs outweighs the prejudice that may result from the display to the jury. State v. Lewis, 353 So.2d 703 (La.1977); State v. Cooper, 334 So.2d 211 (La.1976).
After examining the photographs in question, we are of the view that, while one of the photographs was unpleasant, it was not especially gruesome; the other photographs were clearly not gruesome. Moreover, the photographs were properly identified as depicting the scene of the crime by the investigating officer who had taken the pictures. Finally, the photographs were relevant to identify the victim, establish the location of the crime, and the manner in which the victim died. Since the probative value of the photographs outweighs any possible prejudicial effect, the trial judge did not err in admitting them in evidence.
Assignment of Error No. 10 is without merit.

ASSIGNMENT OF ERROR NO. 11
Defendant contends the trial judge erred in denying his motion for a mistrial grounded on the claim that the prosecutor made prejudicial remarks in his closing rebuttal argument.
Much of defendant's closing argument was directed at the weakness of eyewitness testimony. In rebuttal, the prosecutor countered by saying that if "human beings aren't able to see something and recount it, he's lying to you." On two other occasions during rebuttal, the prosecutor, while referring to certain statements made by defense counsel which he considered not supported by the evidence, made remarks reflecting on the integrity of defense counsel. On one occasion, he stated: "Is that a fair statement? Is that the statement of someone who's trying to level with you?" On another occasion, he stated: "Is that fair comment? Is that from the witness stand? Is that evidence in this case? Or is that an effort to confuse you?" To each of these remarks defense counsel objected. The record is not clear as to whether the trial court ultimately sustained or overruled the objection, however, at no time did the defense counsel request either an admonition or a mistrial. Also during rebuttal, the prosecutor, after referring to defense counsel's statement indicating that he (defense counsel) knew that defendant was not guilty, *1121 stated: "If he knows ... he should have taken the witness stand." Defendant objected and moved for a mistrial. The objection was overruled and the motion denied.
If an objection is sustained, defendant cannot on appeal complain of the alleged error unless at trial he requested and was denied either an admonition to disregard or a mistrial. State v. Miles, 402 So.2d 644 (La.1981). In the instant case, since the record is not sufficiently clear on the trial judge's rulings to several of defendant's objections, we do not base our holding on defense counsel's failure to request a mistrial. However, before a verdict is set aside on the ground of improper argument, this court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Williams, 346 So.2d 181 (La.1977). While the prosecutor's remarks referring to the integrity of defense counsel were inappropriate and bordered on reversible error, we do not consider that the jury was influenced by them or that they contributed to the verdict. Moreover, the remark that "[i]f he knows ... he should have taken the witness stand" clearly referred to defense counsel and not defendant. Hence, while an improper remark, it was not a prohibitive reference to the failure of defendant to testify in his own defense (La.Code Crim.P. art. 770(3)) nor was defendant prejudiced as a result thereof. Under the circumstances, we are unable to say that the trial judge erred in denying the motion for a mistrial.
Assignment of Error No. 11 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 4 and 5; therefore, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).