DOUCET, Judge.
Defendant, Michael Grigsby, was charged by bill of information with armed robbery and, subsequently, was found guilty by a twelve-person jury. At the sentencing hearing the defendant was found to be a third habitual offender and was sentenced to 50 years imprisonment. Defendant appeals alleging the evidence was insufficient to convict and the trial judge erred in his denial of a mistrial when a testifying deputy sheriff alluded to prior criminal acts of the defendant.
Defendant was accused of committing the armed robbery of a convenience store in violation of La.R.S. 14:64. After trial by jury the defendant was found guilty on April 28, 1983. The state’s case included the testimony of John W. Cross, defendant’s nephew, who also had a criminal record. Cross testified that when he heard the robbery had been committed he went to the scene of the robbery and talked to the clerk who gave a description of the perpetrator which matched that of his uncle. The defendant had been living with Cross and his wife at the time. Cross also testified that his uncle later admitted to him that he had robbed a store and taken some unknown quantity of money. In addition, the victim, Walter Pox, identified Michael Grigsby from a photographic lineup presented to him following the robbery. Fox again identified the defendant in open court although he admitted there was some doubt in his mind when he first viewed the photographs.
Sufficiency of the evidence is a question reviewable upon appeal. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Byrd, 385 So.2d 248 (La.1980). The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The critical inquiry when reviewing the sufficiency of evidence is to determine whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt. Jackson v. Virginia, supra. “The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, supra 99 S.Ct. at 2789.
*178 The Jackson standard of factual review of sufficiency of the evidence applies in Louisiana. State v. Mathews, 375 So.2d 1165 (La.1979) and State v. Abercrombie, 375 So.2d 1170 (La.1979). See also: State v. Shapiro, 431 So.2d 372 (La.1982).
Applying the above law to the present case we are convinced that, viewing the evidence in a light most favorable to the State, every essential element of the crime was established beyond a reasonable doubt.
Deputy Donald Delouche was called by the State to testify as to his involvement in the investigation of the armed robbery for which the defendant was on trial. While being questioned by the State concerning Deputy Delouche’s presentation of a photographic lineup to the victim, Deputy De-louche made the following comment:
Q. Were you able to obtain any information as to a name of any individual who may have been involved in that robbery, sir?
A. Mr. Cross advised that his uncle, whom he called “Daigo”, whose name, in fact, he ... his real name, he advised was Michael Grigsby. Mr. Cross said that his uncle had told him that he had pulled an armed robbery of a convenience store, 7-11 Store, and that he didn’t know the location of it; but that he had gone to the 7-11 or Wizard on Fit-zenreider Road and 171; that he had heard the description that Mr. Fox had given him, and that he was sure that that was the one that his uncle had pulled. Q. With the name of Michael Grigsby, what did you do with that sir?
A. Okay, we ran a record check on him and found that Mr. Grigsby had a mug shot; got his mug shot; put it in a photographic lineup, and introduced the photographic lineup to Mr. Fox that night.
After more testimony concerning the presentation of the line-up was taken, attorney for defendant moved for a mistrial because of Deputy Delouche’s remark concerning the defendant having had a “mug shot”. After a short recess, Judge Patín refused to grant a mistrial and instead prepared an admonition for the jury, which was approved as to form and content by counsel for the defendant.
In State v. Douglas, 389 So.2d 1263 (La.1980), the State’s witness, an experienced officer, stated that the defendant had “recently been released from Angola”. The Court in that case upheld the trial court’s refusal to grant defendant a mistrial. The Court cited La.Code of Criminal Procedure Article 770(2), which requires a mandatory mistrial when a prejudicial remark is made in the presence of the jury by a court official or the district attorney. While the Court noted that a prejudicial remark made by a witness does not mandate a mistrial, it noted that when a prejudicial remark is made by an experienced officer who is called as a state’s witness, the Court should carefully scrutinize the remark and order a mistrial, “... especially if the remark was precipitated by or should have been anticipated by the district attorney...” See also: State v. Smith, 285 So.2d 240 (La.1973); State v. Babin, 336 So.2d 780 (La.1976); State v. Gabriel, 308 So.2d 746 (La.1975); State v. Landry, 316 So.2d 738 (La.1975).
The applicable test is enunciated in State v. Prestridge, 399 So.2d 564 (La.1981), at p. 573:
A leading question is one which suggests to the witness the answer he is to deliver; ordinarily, such questions are prohibited when posed to one’s own witness unless the witness is hostile or unwilling. La.R.S. 15:277. The purpose of the rule is to guard against the danger that a witness will acquiesce to a false suggestion. State v. Carthan, 377 So.2d 308 (La.1979). Notwithstanding the general rule, a verdict should be disturbed on appeal only where there is a clear abuse by counsel, calculated to prejudice the rights of the accused. State v. Quincy, 363 So.2d 647 (La.1978). In any event, the matter is largely within the discretion of the trial judge; absent a palpable abuse of his discretion, a finding of reversible error is unwarranted. State v. Fallon, 290 So.2d 273 (La.1974).
*179 See also State v. Sneed, 328 So.2d 126 (La.1976); State v. George, 346 So.2d 694 (La.1977).
A mistrial is a drastic remedy and except in instances in which it is mandatory, is only warranted if substantial prejudice results which would deprive the defendant of a fair trial. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tribbet, 415 So.2d 182 (La.1982). The determination of prejudice lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Tribbet, supra; State v. Douglas, supra.
Leading questions are not the type of prosecutorial error which diminish the reliability of a jury’s verdict. Mr. De-louche’s response was clearly irrelevant and, had he been properly prepared by the district attorney, the State’s case would not be jeopardized. However, only when there is clear abuse of' discretion which prejudices defendant’s rights will a conviction be reversed because of leading questions. State v. Felde, 422 So.2d 370 (La.1982); State v. Vanderhoff, 415 So.2d 190 (La.1982). The defendant herein has failed to show any prejudicial effect the statement had on his defense considering the admonition given the jury and failure to establish intended impropriety on the part of the questioning of the district attorney.
For the reasons assigned hereinabove, the defendant’s conviction is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.
See my concurring ‘opinion at 434 So.2d 1315 and 440 So.2d 205.